1   TINA WOLFSON, SBN 174806
    twolfson@ahdootwolfson.com
2   ROBERT AHDOOT, SBN 172098
    rahdoot@ahdootwolfson.com
3
    THEODORE W. MAYA, SBN 223242
4   tmaya@ahdootwolfson.com
    AHDOOT & WOLFSON, P.C.
5   10850 Wilshire Boulevard, Suite 370
    Los Angeles, California 90024
6   Tel: 310-474-9111; Fax: 310-474-8585

7   TIMOTHY G. BLOOD, SBN 149343
8   tblood@bholaw.com
    LESLIE E. HURST, SBN 178432
9   lhurst@bholaw.com
    BLOOD, HURST & O'REARDON, LLP
10  701 B Street, Suite 1700
    San Diego, CA 92101
11  Tel: 619-338-1100; Fax: 619-338-1101

12  Counsel for Plaintiff
13  DIANA PARKER

FILED BY FAX
PURSUANT TO LOCAL RULES

14

15                        UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                          San Francisco Division

18  DIANA PARKER, individually and on behalf of all | Case No. _____
    others similarly situated,
19                                                   | **CLASS ACTION COMPLAINT**

20                        Plaintiff,                 | JURY TRIAL DEMANDED

21                           v.                      | 1. **Violation of California False Advertising
                                                     |    Law, California Business & Professions
22  J. M. SMUCKER CO., an Ohio corporation,          |    Code § 17500, *et seq.*;**
                                                     | 2. **Violation of California Unfair
23                        Defendant                  |    Competition Law, California Business &
24                                                   |    Professions Code § 17200, *et seq.*;**
                                                     | 3. **Breach of Express Warranty;**
25                                                   | 4. **Violation of Consumer Legal Remedies
                                                     |    Act, California Civil Code § 1750, *et seq.***
26

27

28

                              CLASS ACTION COMPLAINT

1    Plaintiff Diana Parker, by and through her counsel, brings this Class Action Complaint against J.

2   M. Smucker Co., on behalf of herself and all others similarly situated, and alleges, upon personal

3   knowledge as to her own actions and her counsel's investigations, and upon information and belief as

4   to all other matters, as follows:

## NATURE OF THE CASE

6    1.    In recent years, consumer consciousness regarding foods and beverages that they

7   perceive to be healthy and natural has been heightened, causing consumers to seek out products

8   marketed as such. As a result, the market for natural or organic foods and beverages has grown

9   rapidly, yielding billions of dollars in revenue for food and beverage manufacturers.

10   2.    J. M. Smucker Co. ("Smuckers" or "Defendant") is a multi-billion dollar North

11   American food corporation. In 2012, Smuckers reported over $5.5 billion in annual net sales.

12   3.    Defendant manufactures, markets, and sells cooking oils nationwide from its

13   manufacturing plant in Orrville, Ohio, including Crisco Natural Blend Oil, Crisco Pure Corn Oil,

14   Crisco Pure Canola Oil, and Crisco Pure Vegetable Oil (collectively, the "Products").

15   4.    In an effort to capture a segment of the lucrative health food market, Defendant has

16   systematically labeled the Products as "all natural" on the product packaging, so that any United States

17   consumer who purchases the Products is exposed to Defendant's "all natural" claim.

18   5.    This claim is deceptive and misleading because the Products are made with unnatural

19   ingredients. Specifically, the Products are made with plants whose genes have been altered by

20   scientists in a lab for the express purpose of causing those plants to exhibit traits that are not

21   naturally their own. Genetically modified organisms ("GMOs") are not natural by design.

22   6.    Accordingly, Defendant misleads and deceives reasonable consumers, including the

23   named Plaintiff and the other members of the Class, by portraying products made from unnatural

24   ingredients as "All Natural."

25   7.    Defendant's conduct harms consumers by inducing them to purchase and consume

26   products with GMOs on the false premise that the products are "all natural."

27   8.    Plaintiff brings claims against Defendant individually and on behalf of a California

28   class of all other similarly situated purchasers of the Products for violations of California's False

1

1   Advertising Law, Cal. Bus & Prof. Code § 17500, *et seq.* ("UCL"), the Unfair Competition Law, Cal.

2   Bus. & Prof. Code § 17200, *et seq.* ("UCL"), breach of express warranties, and the Consumers Legal

3   Remedies Act, Cal. Civ. Code § 1750, *et seq.* Plaintiff seeks an order requiring Defendant to, among

4   other things: (1) cease the unlawful marketing; (2) conduct a corrective advertising campaign; and (3)

5   pay damages and restitution to Plaintiff and Class members in the amounts paid to purchase the

6   products at issue.

7                                    **JURISDICTION AND VENUE**

8   9.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

9   1332(d)(2), because the proposed class has more than 100 members, the class contains at least one

10  member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

11  10.     The Court has personal jurisdiction over Defendant because Defendant is authorized to,

12  and conducts, substantial business in California.

13  11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a

14  substantial part of the events and omissions giving rise to this action occurred in this District as

15  Defendant distributes the Products for sale within this District.

16  12.     Intradistrict Assignment: Pursuant to Civil Local Rules 3-2(c) a substantial part of the

17  events or omissions which give rise to the claims occurred in San Francisco County, and it is therefore

18  appropriate to assign this action to the San Francisco Division.

19                                         **PARTIES**

20  13.     Plaintiff Diana Parker is a resident of San Francisco, California. Ms. Parker has

21  purchased several Products in San Francisco, California within the past four years in reliance on

22  Defendant's representations that the Products were "All Natural." These representations and

23  omissions were material to Ms. Parker's decision to purchase the Products. Ms. Parker was willing to

24  pay for the Products because of the representations that they were "all natural" and would not have

25  purchased the Products, would not have paid as much for the Products, or would have purchased

26  alternative products in absence of the representations.

27

28

                                               2

1    14.    Defendant J. M. Smucker Co. is an Ohio corporation with its principal place of business

2  at 1 Strawberry Lane, Orrville, Ohio 44667.  Defendant manufactures and distributes the Products

3  from its manufacturing plant in Ohio to consumers in California and throughout the United States.

4                                **SUBSTANTIVE ALLEGATIONS**

5                **Defendant Deceptively Labels The Products As "All Natural"**

6    15.    Within the Class Period, Defendant systematically labeled the Products as "all natural".

7  The Product labels appear as follows:





3

CLASS ACTION COMPLAINT





16. By consistently labeling the Products as "all natural" within the Class Period, Defendant ensured that all consumers purchasing the Products would be exposed to its "all natural" claim.

17. A claim that a product is "natural" is material to a reasonable consumer.

## Genetically Modified Organisms Are Not Natural

18. The dictionary defines the term "natural" as "existing in or produced by nature: not artificial." (Webster's Ninth New Collegiate Dictionary 788 (1990).) This common dictionary definition of the term "natural" is consistent with the expectations of a reasonable consumer.

4

19.     GMOs are not natural, let alone "all natural." Monsanto, one of the companies that makes GMOs, defines GMOs as "Plants or animals that have had their genetic makeup altered to exhibit *traits that are not naturally theirs*. In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism." (http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited February 13, 2013) (emphasis added).) "Unnatural" is a defining characteristic of genetically modified foods.

20.     Romer Labs, a company that provides diagnostic solutions to the agricultural industry, defines GMOs as "[a]griculturally important plants [that] are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to *express novel traits that normally would not appear in nature*, such as herbicide or insect resistance. Seed harvested from GMO plants will also contain these [sic] modification." (http://www.romerlabs.cornlen/analytes/genetically-modified-organisms.html (last visited February 13, 2013) (emphasis added).)

21.     That GMOs are not natural is further evidenced by the explanations of health and environmental organizations, such as The World Health Organization, which defines GMOs as "organisms in which *the genetic material (DNA) has been altered in a way that does not occur naturally*. The technology is often called 'modern biotechnology' or 'gene technology', sometimes also 'recombinant DNA technology' or 'genetic engineering'. It allows selected individual genes to be transferred from one organism into another, also between non-related species. Such methods are used to create GM plants – which are then used to grow GM food crops." (World Health Organization, 20 Questions on Genetically Modified (GM) Foods at http://www.who.int/foodsafety/publications/biotech/en/20questions_en.pdf (last visited February 13, 2013).)

22.     The Environmental Protection Agency has distinguished conventional breeding of plants "through natural methods, such as cross-pollination" from genetic engineering using modern scientific techniques. (United States Environmental Protection Agency, Prevention, Pesticides and Toxic Substances, Questions & Answers Biotechnology: Final Plant-Pesticide/Plant Incorporated Protectants (PIPs) Rules (Jul. 19, 2001) at http://www.epa.gov/scipoly/biotech/pubs/qanda.pdf

CLASS ACTION COMPLAINT

1  ("*Conventional breeding* is a method in which genes for pesticidal traits are introduced into a plant

2  *through natural methods*, such as cross-pollination. . . . Genetically engineered plant-incorporated

3  protectants are created through a process that utilizes several different modem scientific techniques

4  to introduce a specific pesticide-producing gene into a plant's DNA genetic material.") (emphasis of

5  "through natural methods" added; remaining emphasis in original) (last visited February 13, 2013).)

6       23.     As indicated by the definitions above, which come for a wide array of sources,

7  including industry, government, and health organizations, GMOs are not "all natural." GMOs are

8  "created" artificially in a laboratory through genetic engineering. Thus, by claiming that its Products

9  are "all natural," Defendant deceives and misleads reasonable consumers.

10                 **The Products Are Made From Genetically Modified Organisms**

11      24.     Plaintiff is informed and believes that Defendant's Products are made from GMOs.

12  Currently, approximately more than 90% of U.S. corn, soy, and canola crops are GMO. In its public

13  "Statement Regarding Genetic Modification," Defendant impliedly supports the use of GMO

14  ingredients by asserting that they are economical, dependable, of higher quality and safe, and

15  Defendant admits that "Due to expanding use of biotechnology by farmers and commingling of

16  ingredients in storage and shipment, it is possible that some of our products may contain ingredients

17  derived from biotechnology."

18      24.     Defendant's "all natural" representations are false, deceptive, misleading, and unfair

19  to consumers, who are injured in fact by purchasing products that Defendant claims are "all natural"

20  when in fact they are not.

21                                    **CLASS ACTION ALLEGATIONS**

22      25.     Plaintiff seeks relief in her individual capacity and seeks to represent a class consisting

23  of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3),

24  Plaintiff seeks certification of a class initially defined as follows:

25          All consumers who from February 15, 2009 until the date notice is disseminated to the

26          Class (the "Class Period"), purchased the following Crisco Products in California: (1)

27          Natural Blend Oil, (2) Pure Canola Oil, (3) Pure Corn Oil, and (4) Pure Vegetable Oil.

28

                                              6

26.    Excluded from the Class are Defendant and its subsidiaries and affiliates, Defendant's executives, board members, legal counsel, the judges and all other court personnel to whom this case is assigned, their immediate families, and those who purchased the Products for the purpose of resale.

27.    Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after they have had an opportunity to conduct discovery.

28.    Numerosity. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as defined are so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands or millions of consumers have purchased the Products.

29.    Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

a.    Whether Defendant falsely and/or misleadingly misrepresented the Products as being "All Natural";

b.    Whether Defendant's misrepresentations are likely to deceive reasonable consumers;

c.    Whether Defendant violated California Business and Professions Code § 17500, *et seq.*;

d.    Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;

e.    Whether Defendant breached an express warranty;

f.    Whether Defendant violated California Civil Code § 1750, *et seq.*; and

g.    The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

30.    Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendant's unlawful conduct.

7

31. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

32. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

33. Injunctive and Declaratory Relief. Fed. R. Civ. P. 23(b)(2). Defendant's misrepresentations are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### (California False Advertising Law – Cal. Bus. & Prof. Code § 17500, *et seq.*)

34. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

35. Defendant publicly disseminated untrue or misleading advertising or intended not to sell the Products as advertised in violation of California Business & Professional Code § 17500, *et seq.*, by representing that the Products are "All Natural," when they are not.

36. Defendant committed such violations of the False Advertising Law with actual knowledge or in the exercise of reasonable care should have known was untrue or misleading.

37. Plaintiff reasonably relied on Defendant's representations and/or omissions made in violation of California Business & Professional Code § 17500, *et seq.*

38. As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

39. Plaintiff, on behalf of herself and Class members, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and all Class members all monies they paid for the Products, and injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

8

## SECOND CAUSE OF ACTION

### (California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200, *et seq.*)

40.     Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

41.     Defendant engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17200, *et seq.*, by representing that the Products are "All Natural," when they are not.

42.     Defendant's conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, the False Advertising Law, California Business & Professions Code § 17500.

43.     Defendant's conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members. The harm to Plaintiff and Class members arising from Defendant's conduct outweighs any legitimate benefit Defendant derived from the conduct. Defendant's conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act and the False Advertising Law as alleged herein.

44.     Defendant's actions and practices constitute "fraudulent" business practices in violation of the UCL because, among other things, they are likely to deceive reasonable consumers. Plaintiff relied on Defendant's representations and omissions.

45.     As a direct and proximate result of Defendant's violations, Plaintiff suffered injury in fact and lost money.

46.     Plaintiff, on behalf of herself and Class members, seeks equitable relief in the form of an order requiring Defendant to refund Plaintiff and all Class members all monies they paid for the Products, and injunctive relief in the form of an order prohibiting Defendant from engaging in the alleged misconduct and performing a corrective advertising campaign.

## THIRD CAUSE OF ACTION

### (Breach of Express Warranty)

47.     Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

48.     Plaintiff brings this claim individually and on behalf of the Class.

9

CLASS ACTION COMPLAINT

49. Plaintiff and each member of the Class formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased one or more of the Products. The terms of that contract include the promises and affirmations of fact made by Defendant on the packaging of the Products, as described above. The Products' packaging constitutes express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

50. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

51. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing the products that could provide the benefits promised, i.e. that the Products were "all natural."

52. As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the purchase price of any and all of the Products they purchased.

## FOURTH CAUSE OF ACTION

**(Violation of Consumer Legal Remedies Act – Civil Code § 1750, *et seq.*)**

53. Plaintiff incorporates by reference and re-alleges the preceding paragraphs.

54. Plaintiff brings this claim individually and on behalf of the Class.

55. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA") because Defendant's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

56. Plaintiff and each member of the Class are consumers as defined by California Civil Code §1761(d).

57. The Products are goods within the meaning of Civil Code §1761(a).

58. Defendant violated the CLRA in at least the following respects:

   a. in violation of §1770(a)(5), Defendant represented that the Products have approval, characteristics, and uses or benefits which they do not have;

   b. in violation of §1770(a)(7), Defendant represented that the Products are of a

10
CLASS ACTION COMPLAINT

|   |   |
|---|---|
| 1 | particular standard, quality or grade, or that the Products are of a particular |
| 2 | style, or model, when they are of another; |
| 3 | c. in violation of §1770(a)(9), Defendant has advertised the Products with intent |
| 4 | not to sell them as advertised; and |
| 5 | d. in violation of §1770(a)(16), Defendant represented that the Products have been |
| 6 | supplied in accordance with previous representations, when they were not. |

59. Defendant affirmatively represented to consumers that the Products are "all natural."

60. Defendant omitted to state that the Products contain GMOs.

61. This sort of information is relied upon by consumers in making purchasing decisions, and is fundamental to the decision to purchase food products.

62. Plaintiff relied upon Defendant's misrepresentations to her detriment.

63. Defendant's misrepresentations constitute unfair, deceptive, and misleading business practices in violation of Civil Code §1770(a).

64. Defendant's deceptive acts and omissions occurred in the course of selling a consumer product and have occurred continuously through the filing of this Complaint.

65. On February 12, 2013, Plaintiff notified Defendant in writing by certified mail of the violations alleged herein and demanded that Defendant remedy those violations.

66. If Defendant fails to remedy the violations alleged herein within 30 days of receipt of Plaintiff's notice, Plaintiff will amend this Complaint to add claims for actual, punitive, and statutory damages pursuant to the CLRA.

**WHEREFORE**, Plaintiff, on behalf of herself and Class members, prays for relief as follows:

A. For an order that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

B. For an order requiring Defendant to refund Plaintiff and all Class members for the Products;

D. For an order prohibiting Defendant from engaging in the misconduct described herein;

11

1    E.      For an award of attorneys' fees;

2    F.      For an award of the costs of suit incurred herein, including expert witness fees;

3    G.      For an award of interest, including prejudgment interest, at the legal rate; and

4    H.      For such other and further relief as this Court deems just and proper.

5                              **DEMAND FOR JURY TRIAL**

6    Plaintiff demands trial by jury of all claims so triable.

7

8    Dated: February 15, 2013                    Respectfully submitted,
                                                 **AHDOOT & WOLFSON, PC**
9

10

11                                               Tina Wolfson
                                                 Robert Ahdoot
12                                               Theodore W. Maya
                                                 10850 Wilshire Blvd., Suite 370
13                                               Los Angeles, California 90024
                                                 Tel: 310-474-9111
14                                               Facsimile: 310-474-8585

15
                                                 Counsel for Plaintiff,
16                                               Diana Parker

17

18

19

20

21

22

23

24

25

26

27

28

                                            12
                             CLASS ACTION COMPLAINT

1

**AFFIDAVIT OF TINA WOLFSON**

2

I, Tina Wolfson, declare as follows:

3      1.    I am an attorney with the law firm of Ahdoot & Wolfson, P.C., counsel for Plaintiff
4  Diana Parker ("Plaintiff") in this action. I am admitted to practice law in California and before this
5  Court, and am a member in good standing of the State Bar of California. This declaration is made
6  pursuant to California Civil Code section 1780(d). I make this declaration based on my research of
7  public records and upon personal knowledge and, if called upon to do so, could and would testify
8  competently thereto.

9      2.    Based on my research and personal knowledge, Defendant J. M. Smucker Co.
10  ("Defendant") does business within the County of San Francisco and Plaintiff purchased Defendant's
11  products within the County of San Francisco, as alleged in the Class Action Complaint.

12      I declare under penalty of perjury under the laws of the United States and the State of
13  California this 15th day of February 2013 in Los Angeles, California that the foregoing is true and
14  correct.

15

16

17  Tina Wolfson

18

19

20

21

22

23

24

25

26

27

28

13