IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANA PARKER, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

J.M. SMUCKER CO.,

    Defendant.

Case No. 13-0690 SC

ORDER STAYING CASE

    Now pending before the Court is a motion for class certification filed by Plaintiff Diana Parker ("Plaintiff"), ECF No. 53 ("Mot."), and opposed by Defendant J.M. Smucker Co. ("Defendant"). ECF No. 57-3 ("Opp'n"). Since the motion was filed, the Ninth Circuit has docketed an appeal in Jones v. ConAgra Foods, Inc., No. 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) appeal docketed, No. 14-16327 (9th Cir. 2014), raising three questions central to this motion. First, by what standard should the Court determine whether a "precise, objective, and presently ascertainable" class exists? See O'Connor v. Boeing N. Am. Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998). Second, what is the impact

of Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013) on Plaintiff's alleged damage? Third, does Plaintiff lack standing to seek injunctive relief for products she has not expressed intent to purchase in the future?

The Court has the inherent power to stay proceedings. See Fuller v. Amerigas Propane, Inc., C 09-2493 THE, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). In deciding whether to stay proceedings, the Court considers "'(1) the possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" Gustavson v. Mars, Inc., No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (quoting Fuller, at *1).

Here, these factors weigh in favor of staying proceedings pending the result in Jones. On this point, Judge Koh's order staying proceedings in Gustavson in light of Jones is instructive. As Judge Koh found, regardless of the outcome in Jones, Plaintiff will suffer only relatively slight damage if the stay is granted because the propriety of damages or an injunction is a merits question, unlikely to be resolved prior to the Ninth Circuit's decision. Id. at *3. Both parties may suffer hardship if the litigation proceeds because, regardless of the outcome in Jones, further discovery and briefing on class certification or decertification will likely be necessary. See id. This is particularly true because the issues identified above -- ascertainability, predominance, and standing -- are central to both

sides' arguments on class certification.  Finally, the last factor, which considers judicial economy, weighs heavily in favor of a stay.  The Court will likely have to revisit its decision on class certification regardless of the outcome in Jones, and Jones will likely provide the Court with "substantial guidance, if not new law, that will materially impact the Court's decisions in the instant case."  Id.  As a result, these factors weigh heavily in favor of a stay.

Accordingly, the Court STAYS proceedings pending the decision in Jones.  Within fourteen (14) days of the Ninth Circuit's decision in Jones, the parties shall file notice of the decision with the Court.  With that notice the parties shall file a joint statement outlining their future plans with respect to the motion for class certification.  If necessary, the Court will order supplemental briefing on the motion, terminate the motion in favor of fully briefing a new motion for class certification, or consider proposals for additional discovery necessary for the parties to address a second motion for class certification.

If the parties do not file notice and a joint status report following the decision in Jones, the stay will be lifted, and the Court will decide the motion for class certification.

IT IS SO ORDERED.

Dated: December 18, 2014

_____
UNITED STATES DISTRICT JUDGE

3